NO. 07-02-0032-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 24, 2002


______________________________



RONALD CARL QUINLAN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 78,983; HON. LARRY GIST, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and JOHNSON, JJ. 

 Ronald Carl Quinlan (appellant) appeals his conviction for delivery of a controlled
substance and from a final judgment revoking his probation. Originally, appellant plead
guilty and, pursuant to a plea agreement, was sentenced to two years imprisonment in a
state jail facility. However, the sentence was suspended, and appellant was placed on four
years probation. Subsequently, the State filed a motion to revoke probation, and
appellant plead true to various grounds which the State asserted as allegedly justifying the
revocation. The trial court granted the motion, revoked appellant's probation, and
sentenced appellant to eighteen months in a state jail facility. Appellant timely noticed his
appeal, and counsel was appointed. Appellant's counsel then moved to withdraw, after
filing a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493
(1967), and representing that he had searched the record and found no arguable grounds
for reversal. The motion and brief illustrated that appellant was informed of his rights to
review the appellate record and file his own brief. So too did we inform appellant that any
pro se response or brief he cared to file had to be filed by July 19, 2002. To date,
appellant has filed no pro se response or brief. 

 After conducting an independent review of the record, we find no reversible error. 
Appellant, at the time of the guilty plea hearing, represented to the court that he was 1)
properly indicted, 2) represented by legal counsel, and 3) mentally competent when he
entered his plea. So too does the appellate record contain evidence 1) substantiating his
guilt, 2) indicating that his guilty plea was knowing and voluntary, and 3) supporting the
decision to revoke probation. Finally, the punishment levied was within the range provided
by statute and agreed to by the parties. 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 

 Brian Quinn 

 Justice 

 

 

Do not publish.